**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ENTERTAINMENT ONE UK LTD., | |
|      Plaintiff, | |
| | Case No.:  1:18-cv-00737 |
| v. | |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | Judge John J. Tharp, Jr. |
|      Defendants. | |

## FINAL JUDGMENT ORDER

This action having been commenced by Entertainment One UK Ltd. ("eOne") against the defendants identified in the attached Schedule A and using the Defendant Domain Names and Online Marketplace Accounts (collectively, the "Defendant Internet Stores"), and eOne having moved for entry of Default and Default Judgment against the defendants identified in the Schedule A attached hereto (collectively, the "Defaulting Defendants");

This Court having entered upon a showing by eOne, a temporary restraining order and preliminary injunction against Defaulting Defendants which included a domain name transfer order and asset restraining order;

eOne having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication or e-mail, along with any notice that Defaulting Defendants received from domain name registrars and payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the

pendency of the action and affording them the opportunity to answer and present their objections; and

None of the Defaulting Defendants having answered the Complaint or appeared in any way, and the time for answering the Complaint having expired;

THIS COURT HEREBY FINDS that it has personal jurisdiction over Defaulting Defendants since Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Defaulting Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Defendant Internet Stores through which Illinois residents can purchase products bearing counterfeit versions of eOne trademark which is protected by U.S. Trademark Registration No. 3506452 (the "PJ MASKS Trademark").

THIS COURT FURTHER FINDS that Defaulting Defendants are liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), false designation of origin (15 U.S.C. § 1125(a)), and violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510, et seq.).

IT IS HEREBY ORDERED that eOne's Motion for Entry of Default and Default Judgment is GRANTED in its entirety, that Defaulting Defendants are deemed in default and that this Final Judgment is entered against Defaulting Defendants.

IT IS FURTHER ORDERED that:

1.     Defaulting Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

a.  using the PJ MASKS Trademark or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine eOne Product or not authorized by eOne to be sold in connection with the PJ MASKS Trademark;

b.  passing off, inducing, or enabling others to sell or pass off any product as a genuine eOne Product or any other product produced by eOne, that is not eOne's or not produced under the authorization, control or supervision of eOne and approved by eOne for sale under the PJ MASKS Trademark;

c.  committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control or supervision of eOne, or are sponsored by, approved by, or otherwise connected with eOne;

d.  further infringing the PJ MASKS Trademark and damaging eOne's goodwill;

e.  otherwise competing unfairly with eOne in any manner;

f.  shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for eOne, nor authorized by eOne to be sold or offered for sale, and which bear any of the PJ MASKS Trademark or any reproductions, counterfeit copies or colorable imitations thereof;

g.  using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, the Defendant Domain Names, or any other domain name or online marketplace account that is being used to sell or is the means by which Defaulting Defendants could continue to sell Counterfeit/Infringing Products; and

h. operating and/or hosting websites at the Defendant Domain Names and any other domain names registered or operated by Defaulting Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the PJ MASKS Trademark or any reproductions, counterfeit copies or colorable imitations thereof that is not a genuine eOne Product or not authorized by eOne to be sold in connection with the PJ MASKS Trademark.

2. The domain name registries for the Defendant Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, within three (3) business days of receipt of this Order, shall, at eOne's choosing:

a. permanently transfer the Defendant Domain Names to eOne's control, including unlocking and changing the registrar of record for the Defendant Domain Names to a registrar of eOne's selection, and the domain name registrars shall take any steps necessary to transfer the Defendant Domain Names to a registrar of eOne's selection; or

b. cancel the registrations for the Defendant Domain Names and make them inactive.

3. Those in privity with Defaulting Defendants and with actual notice of this Order, including any online marketplaces such as iOffer and Alibaba Group Holding Ltd., Alipay.com Co., Ltd. and any related Alibaba entities (collectively, "Alibaba"), social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, web hosts for the Defendant Domain Names, and domain name registrars, shall within three (3) business days of receipt of this Order:

a. disable and cease providing services for any accounts through which Defaulting Defendants engage in the sale of counterfeit and infringing goods using the PJ

MASKS Trademark, including any accounts associated with the Defaulting Defendants listed on the First Amended Schedule A attached hereto;

b. disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of counterfeit and infringing goods using the PJ MASKS Trademark; and

c. take all steps necessary to prevent links to the Defendant Domain Names identified on the First Amended Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Domain Names from any search index.

4. Pursuant to 15 U.S.C. § 1117(c)(2), eOne is awarded statutory damages from each of the Defaulting Defendants in the amount of two million dollars ($2,000,000) for willful use of counterfeit PJ MASKS Trademark on products sold through at least the Defendant Internet Stores.

5. PayPal, Inc. ("PayPal") and/or any other third party restraining funds linked to the Defaulting Defendants ("Third Party Financial Institutions") shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any China or Hong Kong based accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites identified in the attached Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

6. All monies currently restrained in Defaulting Defendants' financial accounts, including monies held by PayPal and additional Third Party Financial Institutions, are hereby released to eOne as partial payment of the above-identified damages, and PayPal or any Third Party Financial Institution is ordered to release to eOne the amounts from

Defaulting Defendants' PayPal or Third Party Financial Institution accounts within ten (10) business days of receipt of this Order.

7.      Until eOne has recovered full payment of monies owed to it by any Defaulting Defendant, eOne shall have the ongoing authority to serve this Order on PayPal and Third Party Financial Institutions in the event that any new PayPal or other Third Party Financial Institutions accounts controlled or operated by Defaulting Defendants are identified.  Upon receipt of this Order, PayPal shall within two (2) business days:

   a.  Locate all accounts and funds connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites, including, but not limited to, any PayPal accounts;

   b.  Restrain and enjoin such accounts or funds that are China or Hong Kong based from transferring or disposing of any money or other of Defaulting Defendants' assets; and

   c.  Release all monies restrained in Defaulting Defendants' PayPal and/or Third Party Financial Institutions accounts to eOne as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

8.      Until eOne has recovered full payment of monies owed to it by any Defaulting Defendant, eOne shall have the ongoing authority to serve this Order on any banks, savings and loan associations, or other financial institutions (collectively, the "Financial Service Providers") in the event that any new financial accounts controlled or operated by Defaulting Defendants are identified.  Upon receipt of this Order, the Financial Service Providers shall within two (2) business days:

   a.  Locate all accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites;

b. Restrain and enjoin such accounts from receiving, transferring or disposing of any money or other of Defaulting Defendants' assets; and

c. Release all monies restrained in Defaulting Defendants' financial accounts to eOne as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

9. In the event that eOne identifies any additional online marketplace accounts, domain names or financial accounts owned by Defaulting Defendants, eOne may send notice of any supplemental proceeding to Defaulting Defendants by e-mail at the email addresses identified in Exhibit 2 to the Declaration of Paul Varley and any e-mail addresses provided for Defaulting Defendants by third parties.

10. The ten thousand-dollar ($10,000) cash bond posted by eOne, including any interest minus the registry fee, is hereby released to eOne or its counsel, Meghan K. Nugent. The Clerk of the Court is directed to return the cash bond previously deposited with the Clerk of the Court to eOne or its counsel by check made out to the SpencePC IOLTA account.

11. Amazon Payments, Inc. ("Amazon") shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites identified in the attached Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

12. All monies currently restrained in Defaulting Defendants' financial accounts, including monies held by Amazon, are hereby released to eOne as partial payment of the above-identified damages, and Amazon is ordered to release to eOne the amounts from Defaulting Defendants' Amazon accounts within ten (10) business days of receipt of this Order.

7

13. Until eOne has recovered full payment of monies owed to it by any Defaulting Defendant, eOne shall have the ongoing authority to serve this Order on Amazon in the event that any new Amazon accounts controlled or operated by Defaulting Defendants are identified. Upon receipt of this Order, Amazon shall within two (2) business days:

    a. Locate all accounts and funds connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites, including, but not limited to, any Amazon accounts;

    b. Restrain and enjoin such accounts or funds from transferring or disposing of any money or other of Defaulting Defendants' assets; and

    c. Release all monies restrained in Defaulting Defendants' Amazon accounts to eOne as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

14. ContextLogic, Inc., d/b/a Wish.com ("Wish.com") shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites identified in the attached Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

15. All monies currently restrained in Defaulting Defendants' financial accounts, including monies held by Wish.com, are hereby released to eOne as partial payment of the above-identified damages, and Amazon is ordered to release to eOne the amounts from Defaulting Defendants' Wish.com accounts within ten (10) business days of receipt of this Order.

16. Until eOne has recovered full payment of monies owed to it by any Defaulting Defendant, eOne shall have the ongoing authority to serve this Order on Wish.com in the

event that any new Wish.com accounts controlled or operated by Defaulting Defendants are identified.  Upon receipt of this Order, Amazon shall within two (2) business days:

d.  Locate all accounts and funds connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites, including, but not limited to, any Wish.com accounts;

e.  Restrain and enjoin such accounts or funds from transferring or disposing of any money or other of Defaulting Defendants' assets; and

f.  Release all monies restrained in Defaulting Defendants' Wish.com accounts to eOne as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

This is a Final Judgment.

Dated: <u>April 26</u>, 2018

_____
The Honorable <u>John J. Tharp, Jr._____</u>
United States District Court Judge

**SCHEDULE A**

| Defendant No | Seller Name |
|---|---|
| 10 | Beautiful Clothes Store |
| 13 | BYBEBE Store |
| 70 | OvalFace365 Store |
| 14 | Cartoon Factory Trade |
| 15 | chatdocstore |
| 19 | CosplayDreamland Store |
| 21 | diyplush |
| 22 | dnrchan |
| 46 | Jiayi Party & Festival Costume Huangshi Co., Ltd. |
| 53 | Lagoric Hobby Toys |
| 58 | loztoy's booth |
| 71 | Paperycut |
| 80 | royhappy's booth |
| 84 | Shenzhen Dotely Technology Co., Ltd. |
| 90 | Shijiazhuang Timmy Trading Co., Ltd. |
| 92 | shineestarfashion's booth |
| 120 | Yiwu Isabella Arts & Crafts Factory |
| 127 | Yiwu Yecheng Trade Limited Company |
| 12 | buyer671399's booth |
| 17 | Cosplay store |
| 2 | 925yww Store |
| 3 | A A A A A party Store |
| 6 | Affordable Store |
| 9 | backpack-vany |
| 100 | special-gift |
| 20 | Dance with a Mask! |
| 124 | Yiwu PoeticExst Arts & Crafts Co., Ltd. |
| 23 | Dongguan Qiao An Toys Co., Ltd |
| 25 | everything-hollywood |
| 27 | Factory Discount bulk Store |
| 28 | feiyang |
| 32 | Gesikai Store |
| 33 | Goodsbigsale |
| 36 | Guangzhou Kairong Industrial Co., Ltd. |

| 37 | Guangzhou YuanHaoPengPeng Gift Co., Ltd |
|---|---|
| 38 | haili777 |
| 39 | Himalaya |
| 40 | hunnyblessing |
| 41 | huyphushop's booth |
| 42 | Ian zhu Store |
| 43 | iBalon party Store |
| 48 | julycraft2010 |
| 55 | LDTEXMY Party balloons Store |
| 60 | Michmath |
| 61 | Mimi share shop |
| 62 | Ming Quan import and export company Store |
| 63 | Mommy For Baby Store |
| 64 | My Childhood Store |
| 65 | Nanjing Palapala Trade Co., Ltd. |
| 115 | XiaoXiaBabyShoes Store |
| 66 | Nathalya's booth |
| 69 | OREZ2 Store |
| 72 | PAPYBAL Party Suplies Store |
| 73 | Party Balloons NO1 |
| 77 | renehuri |
| 79 | roningrat's booth |
| 86 | Shenzhen Starfly Technology Co., Ltd. |
| 87 | Shenzhen Ursmart Technology Co., Limited |
| 91 | Shijiazhuang Xiameng Children Clothing Co. Ltd |
| 94 | Shop3216140 Store |
| 95 | Shop3245036 Store |
| 99 | Son of Elbert Shop |
| 105 | TEAEGG Store |
| 106 | TIAN EN chidren Store |
| 107 | Usdream |
| 108 | WayClothing's booth |
| 111 | wristbandstore |
| 113 | Wujiang Rainbow Textile Manufacturing Co., Limited. |
| 114 | Xiamen Toofine Trading Co., Ltd. |
| 116 | xinqingxinyu789 |
| 117 | Y toy house Store |
| 119 | Yiwu Isabella Arts & Crafts Co., Ltd. |
| 121 | Yiwu Kazan e-commerce firm |
| 125 | Yiwu Valens Crafts Factory |

| 130 | zhanglg1949 |
|---|---|
| 131 | zzp.128 |
| 13 | BYBEBE Store |
| 49 | Kigoumi Store |
| 54 | LBX store Store |
| 24 | Dvkstore2017 |
| 34 | Guangzhou Big Hippo Amusement Co., Ltd. |
| 57 | lifestyle |
| 64 | My Childhood Store |
| 87 | Shenzhen Ursmart Technology Co., Limited |
| 88 | Shenzhen YiHui International Trade |
| 93 | Shop1985662 Store |
| 102 | superbaby Store |
| 118 | Yangzhou Merry Plush Toys Co., Ltd. |
| 122 | Yiwu Miqi Trading Co., Ltd. |
| 126 | Yiwu Xindian Crafts Co., Ltd. |
| 165 | beatable |
| 166 | CheapBuy |
| 168 | dongguanshizhentaiwangluokejiyouxiangongsi |
| 169 | Fashion567go |
| 170 | HappyShip |
| 171 | henantianhaiyalirongqishebei |
| 172 | leijiqiongsi |
| 173 | lijin0209 |
| 174 | love family love home |
| 175 | miracle's shop |
| 176 | mitangbaobao |
| 177 | qingdaozhengtiankaiwuchan |
| 178 | Quarto Store |
| 179 | Sailing Baby Co Ltd |
| 181 | ShoeOcean |
| 182 | song's |
| 183 | The seeds of may |
| 184 | Tlqhuae |
| 186 | wanghong139 |
| 187 | Yang Fei mall |
| 188 | yanhongshiping |
| 189 | YIQI Trading Co., Ltd. |
| 190 | yuanxiaoqing |
| 191 | zengxiaoyu |